# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRINCE EGGLESTON, | : | Civil No. 1:12-CV-1220 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| CHARLES MITCHELL, et al., | : | |
| | : | |
| Defendants | : | |

## OMNIBUS MEMORANDUM ORDER

This order addresses a number of pre-trial motions that the parties have filed regarding pleading and discovery matters. Despite the parties' purported disputes over the certain of the relief sought, the motions are straightforward and in our view admit of prompt resolution. We address each *seriatim* below.

### 1. Defendants' Motion for Enlargement of Discovery Deadline.

The defendants have moved to enlarge the discover deadline until November 1, 2013, in order to afford them time to locate a third-party witness, depose him, and complete necessary discovery. (Doc. 62) The defendants also request that the Court set December 2, 2013, as the deadline for the parties to file dispositive motions and supporting briefs. The defendants represent that this extension of the discovery period and dispositive motions deadline will not unreasonably delay resolution of the

action, and will not prejudice the plaintiff. We agree, and find that good cause has been shown to grant the requested relief. Accordingly, IT IS HEREBY ORDERED THAT the defendants' motion (Doc. 62) is GRANTED. The discovery period in this action is enlarged until **November 1, 2013**.[1] The parties shall file dispositive motions and responsive briefs on or before **December 2, 2013**.

## 2. Plaintiff's Motion to Compel Discovery.

The plaintiff has moved to compel the defendants to produce additional documents in response to certain discovery requests he propounded. (Doc. 53) Upon consideration, and as discussed further below, we do not find any basis to grant the motion, as we find either that the defendants provided the plaintiff with the information he requested, or otherwise that the information is not properly discoverable in this case.

---

[1] The defendants have previously objected to the plaintiff's efforts to obtain discovery upon written depositions by arguing that he filed his discovery requests too close the discovery cutoff, and, therefore, that they were under no obligation to answer the discovery he attempted to propound. (Doc. 58) We nevertheless granted the plaintiff's request to use this discovery tool to depose witnesses by written deposition pursuant to Rule 31 of the Federal Rules of Civil Procedure, provided the plaintiff complied with the procedural requirements necessary to take discovery in this manner. (Doc. 59) Because we are enlarging the discovery period generally, it shall be enlarged for all parties to take additional discovery. To the extent that the parties comply with other obligations that the Federal Rules of Civil Procedure impose on serving discovery requests, the parties shall be required to respond to such requests in an appropriate manner through November 1, 2013.

- ***Request for Production No. 1***. In this request, the plaintiff asked the defendants to produce "The complete prison records of all Plaintiff [sic] cell searches (DC-704 cell searches form [sic] /only in SCI-Huntingdon." (Doc. 56, Ex. A.) The defendants note that the plaintiff has sought only documentation relating to cell searches that were related to his disciplinary custody, and these records have been provided to plaintiff. The plaintiff has not disputed the defendants' contention in this regard, and we find no basis to compel further production in response to this request.

- ***Request for Production No. 2***. In this request, the plaintiff requested that the defendants provide him with copies of Department of Corrections Policies 6.3.1 and 6.5.1. The defendants objected to this request on the grounds that the information sought is sensitive and should be protected from disclosure on the grounds that it relates to the security of DOC facilities, and procedures governing the searching for and handling of contraband within those facilities. Upon consideration, we do not find that the plaintiff has offered a sufficient justification for compelling the production of this information, which we agree is sensitive, and which the Department of Corrections has a legitimate interest in keeping from dissemination to inmate-litigants like the plaintiff.[2]

- ***Request for Production No. 4***. In this request, the plaintiff has sought production of the complete shift roster for the date of the complained-of incident, and the shift during which the incident

---

[2] As the defendants note, in an unrelated civil action we previously found that compelling the disclosure of DOC Policies 6.3.1 and 6.5.1 could compromise institutional safety and security, and we therefore denied the inmate-plaintiff's request to review such material. See Victor v. Lawler, Civ. A. No. 3:08-CV-1374, 2011 WL 1884616 (M.D. Pa. May 18, 2011) ("Having conducted [an] *in camera* review, we find that release of policy manuals [6.3.1 and 6.5.1] themselves would undermine institutional security."). We find no basis to reach a different result in this case.

3

occurred. Specifically, the plaintiff requested that the defendants "Identify and attach a copy of any and all documents showing who was on duty and relating to the incident that was reported on Feb. 2, 2012." (Doc. 56, Ex. A.) The defendants have represented that they provided the plaintiff with this very information. To the extent the plaintiff is seeking information about which staff may have been involved with the incident at issue in this case, the defendants note that such information is included in the paperwork that was related to the misconducts the plaintiff received as a result. The plaintiff has been provided with copies of this paperwork as part of discovery, and thus there is no basis to compel the defendants to produce anything further.

- *Request for Production No. 7.* In this request, the plaintiff seeks to discover information regarding select portions of Security Lieutenant Johnson's security report relating to his interview with the plaintiff regarding the plaintiff's possession of contraband. To the extent that the plaintiff is seeking Lieutenant Johnson's notes, mental impressions, and analysis of the plaintiff's construction of contraband, and his effort to conceal it, the request is without merit. These mental impressions and analyses are not factual matters properly subject to discovery, but instead relate to Lieutenant Johnson's subjective impressions, opinions, and analysis. Moreover, these portions of the report relate directly to institutional security. The plaintiff has not offered a compelling basis to require the disclosure of this subjective material, and the defendant has persuasively argued that the disclosure of this information would undermine the safety and security of DOC facilities.

Accordingly, the plaintiff's motion to compel further responses to these four discovery requests (Doc. 53) is DENIED.

### 3. Plaintiff's Motion to Amend or Correct the Complaint.

The plaintiff has moved for leave to amend the complaint in order to correct the misidentification of an individual – but, notably, not a defendant – identified in the amended complaint. (Doc. 54) Specifically, the plaintiff seeks to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure in order to correctly identify Lieutenant Johnson as the officer who interviewed the plaintiff on or about January 31, 2012, in place of Captain Harris, whom the plaintiff initially misidentified as the officer who interviewed him. The plaintiff has apparently discovered his mistake about this individual's identity during the course of discovery, and seeks to amend his pleading simply to reflect the correct information.

The defendants have objected to the motion, but have done so by arguing that the plaintiff is improperly seeking to substitute parties pursuant to Rule 25 of the Federal Rules of Civil Procedure, but without following any of the requirements of that rule. (Doc. 57) Upon review of the motion, it is clear that the plaintiff is not seeking substitution of parties; indeed, the proposed amendment has nothing to do with any of the defendants named in this case, but concerns only allegations involving a corrections officer who has not been named as a defendant. In this regard, the plaintiff is merely seeking to correct a factual detail contained in paragraphs 2 through 6 of the amended complaint (Doc. 11), but otherwise the plaintiff "would like

5

to keep everything else the same . . . ." (Doc. 54) The defendants' objection to the plaintiff's motion to amend on the grounds that the plaintiff is improperly seeking to substitute parties is incorrect and provides no basis to deny the requested relief.

If a party has previously amended its complaint as a matter of right pursuant to Rule 15(a)(1), or where amendment as a matter of right is no longer available, Rule 15(a)(2) requires that a party must obtain the consent of an opposing party or leave of court in order to amend a pleading. That rule provides that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has amplified the permissive nature of this rule, holding that "motions to amend pleadings should be liberally granted." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); see also Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1196 (3d Cir. 1994) ([U]nder the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the [movant], or prejudice to the [nonmovant] as a result of the delay.").

In this case, nothing indicates that the plaintiff was dilatory or negligent in seeking to correct a mere factual error contained in his original amended complaint; to the contrary, by seeking to amend the complaint in order to correct this factual detail, the plaintiff has exhibited care and diligence. The defendants do not argue that

they have been prejudiced, and we can perceive no prejudice to either party in the modest correction that the plaintiff seeks through his motion. Accordingly, the plaintiff's motion to amend his complaint (Doc. 54) is GRANTED in order to reflect in paragraphs 2 through 6 that the officer who interviewed the plaintiff was Lieutenant Johnson and not Captain Harris.

  4. **<u>Plaintiff's Motion to Depose Witnesses</u>.**

Finally, the plaintiff has moved to depose a number of Department of Corrections employees upon written deposition questions, pursuant to Rule 31 of the Federal Rules of Civil Procedure. (Doc. 61) We previously granted the plaintiff's request to use this particular discovery tool, and directed that by September 13, 2013, the plaintiff (a) identify the witnesses to be deposed, (b) identify the officer who would conduct the depositions, and (c) propound his list of written deposition questions for the witnesses he sought to depose. (Doc. 59) The plaintiff has filed his current motion in response to this order, and has identified the witnesses to be deposed and has set forth the questions for each witness.

However, although the plaintiff has purported to identify the officer he wishes to conduct and certify each of the depositions pursuant to Rule 31(b) of the Federal Rules of Civil Procedure, it is apparent from the plaintiff's motion that he has not actually taken the steps necessary to retain a suitable officer, he has not informed the

7

Court or the defendants how he intends to pay the cost of these depositions, and he has not served subpoenas on or tendered witness fees to the non-party witnesses he intends to depose. These shortcomings in the plaintiff's proposed discovery have inspired the defendants to object to the plaintiff's motion, and to the proposed depositions, until such time as the plaintiff retains an appropriate officer to administer the written deposition questions, serves the subpoenas on the deponents, and pays the deponents' witness fees. (Doc. 63)

Upon consideration, we agree with the defendants that the plaintiff has not yet satisfied the requirements imposed by Rule 31 of the Federal Rules of Civil Procedure for taking depositions by written questions. To the extent the plaintiff believes that he may be relieved of the expenses and burdens associated with discovery practice because he is proceeding in this action as an *in forma pauperis* litigant, he is mistaken. In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit Court of Appeals explained:

> The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for *in forma pauperis* litigants, *see* 28 U.S.C. § 1915(a), and allows for payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court," 28 U.S.C. §

> 1915(b). There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant. *See Moss v. ITT Continental Baking Co.,* 83 F.R.D. 624, 625 (E.D.Va.1979) (quoting *Haymes v. Smith,* 73 F.R.D. 572, 574 (W.D.N.Y.1976)).

Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir. 1993); see also Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses).

Moreover, in this case the plaintiff seeks to take the depositions of non-defendants, but in order to do so he still must issue subpoenas in accordance with Rule 45 of the Federal Rules of Civil Procedure, which also requires that if the deponent must travel to attend the deposition proceeding, the witness is entitled to the fees for one day's attendance and any mileage allowed by law. See Fed. R. Civ. P. 45(b)(1). The plaintiff appears to have taken no steps to secure subpoenas in this case, and has not indicated that he is prepared – or able – to pay the witness fees required in this case.

Additionally, although the plaintiff suggests that he would like to have Superintendent Assistant Connie Green appointed to serve as an officer to administer oaths and transcribe the deposition proceedings, it appears that Ms. Green is neither

9

qualified to administer oaths nor to transcribe depositions. Moreover, the plaintiff has not taken any steps to retain another qualified officer who can fulfill this crucial function, which is mandated by Rule 31(b). In short, the plaintiff has not complied with this aspect of Rule 31, and we are, therefore, unable to grant the plaintiff's request for entry of an order compelling the non-party witnesses to submit to depositions that have not been properly noticed or subpoenaed, where no officer has been retained to take and certify the depositions, and where the plaintiff appears to be without the resources to finance this discovery.

Although depositions upon written questions may at first seem like a low-cost method of securing deposition testimony, in reality it is not, and frequently involves burdens that indigent litigants do not fully realize or appreciate. Judge Susan Illston of the United States District Court for the Northern District of California has explained both the process by which depositions may be taken upon written questions, and also why this discovery practice may often be unavailable to indigent inmate-litigants like the plaintiff who lack the resources to comply with the various requirements that must be met before such discovery can be taken:

> The deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not. A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions

10

basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness. When all the questions-without any answers-are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. (The deposition officer can be any person authorized by law to administer oaths, *see* Fed.R.Civ.P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendant. To depose a non-party on written questions, that witness must be subpoenaed. To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings. The procedure is not much cheaper than an oral deposition unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness. In addition to the cost, the evidence-gathering ability in such a deposition is quite limited. The requirement that the questions all be written and shared in advance means that there is no opportunity for follow-up questions when a witness makes a statement that is unexpected. Poorly

> worded questions will often result in useless answers-a problem that makes procedure particularly difficult for an unrepresented litigant.

Lopez v. Horel, C 06-4772 SI PR, 2007 WL 2177460 (N.D. Cal. July 27, 2007) aff'd, 367 F. App'x 810 (9th Cir. 2010).

Thus, although we authorized the plaintiff to take depositions of non-party witnesses upon written questions, the plaintiff nevertheless bears the burden of complying with the procedural and financial requirements that such discovery commands. At this point, the plaintiff has not demonstrated that he has fulfilled the requirements imposed by Rules 31 and 45 of the Federal Rules of Civil Procedure, and he must do so before he will be able to avail himself of this discovery. To the extent the plaintiff has the ability to finance these written depositions, and to comply with the other procedural requirements imposed by Rule 31 and 45, he may seek to do so before the expiration of the discovery period, which has now been enlarged until November 1, 2013. However, the Court has no authority to finance the plaintiff's discovery, or otherwise to entirely set aside the procedural requirements that must be satisfied before such discovery can be taken.

Accordingly, unless and until the plaintiff can demonstrate that he can meet the requirements for taking depositions on written discovery, including to retain an appropriate officer capable of administering an oath and the written depositions

questions; serving the subpoenas on the non-party witnesses to be deposed; and paying witness fees where applicable, his motion to depose witnesses upon written deposition questions (Doc. 61) must be DENIED.

Recognizing, however, that the plaintiff proposes to propound a limited number of questions to a discrete number of witnesses, we will in the exercise of our discretion over discovery matters permit the plaintiff to propound these questions as interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, provided the plaintiff tenders these interrogatories within the revised deadline for discovery set by this order.

Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion to depose witnesses upon written deposition questions (Doc. 61) is DENIED without prejudice to the filing of interrogatories within the discovery deadlines set by this Court; the plaintiff's motion to amend his complaint (Doc. 54) is GRANTED in order to reflect in paragraphs 2 through 6 that the officer who interviewed the plaintiff was Lieutenant Johnson and not Captain Harris; the plaintiff's motion to compel further responses to four discovery requests (Doc. 53) is DENIED; and the defendants' motion (Doc. 62) is GRANTED. The discovery period in this action is enlarged until **November 1, 2013**. The parties shall file dispositive motions and responsive briefs on or before **December 2, 2013**.

                                            ***/S/ Martin C. Carlson***  
                                            Martin C. Carlson  
                                            United States Magistrate Judge

Dated: September 23, 2013