IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRINCE EGGLESTON,** | : | CIVIL ACTION NO. 1:12-CV-1220 |
| | : | |
| Plaintiff, | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ROBIN LEWIS,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 24th day of February, 2014, upon consideration of the report and recommendation of Chief Magistrate Judge Martin C. Carlson (Doc. 77), recommending the court grant the defendants' motion (Doc. 72) for summary judgment and dismiss the *pro se* plaintiff's complaint (Doc. 1) for failure to prosecute pursuant to Federal Rule of Civil Procedure 41, see FED. R. CIV. P. 41(b) (permitting court to dismiss lawsuit if "the plaintiff fails to prosecute or to comply with these rules or a court order"), failure to oppose the motion, see LOCAL RULE OF COURT 7.6 ("Any party who fails [to timely file a brief in opposition] shall be deemed not to oppose such motion."), and also on the merits, and, following an independent review of the record, the court being in agreement with the magistrate judge that the *pro se* plaintiff's claims against his jailers are subject to dismissal for failure to exhaust administrative remedies, a result compelled by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and it further appearing that plaintiff has

failed to object to the report,[1] and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

---

[1] Objections to the report were due by February 18, 2014, and none have been filed to date. On January 31, 2014, plaintiff filed a letter (Doc. 78) indicating that he is unfamiliar with the legal process and does not know how to prepare or file a brief in opposition to defendants' summary judgment motion. (Id.). However, a party cannot evade litigation responsibilities simply by citing the fact that he is a *pro se* litigant; procedural rules apply with equal force to all parties, whether counseled or not. See, e.g., Sanders v. Beard, 2010 U.S. Dist. LEXIS 72657, *15 (M.D. Pa. July 20, 2010) ("While parties acting *pro se* are given leeway in certain requirements, they are not excused from complying with court orders and the local rules of court."). Plaintiffs' *pro se* status excuses neither his failure to exhaust his administrative remedies nor his failure to oppose defendants' motion for summary judgment.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

1. The report of the magistrate judge (Doc. 77) is ADOPTED in its entirety.

2. The defendants' motion (Doc. 72) for summary judgment is GRANTED in its entirety.

3. Judgment is ENTERED in favor of the defendants and plaintiff's complaint (Doc. 1) is DISMISSED.

4. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania